LUKE E. LAWLESS v. JONAS NEWMAN.

In ejectment.   Plaintiff claimed under one M. and proved possession
  in M. prior to 20th December, 1803, and gave in evidence convey-
  ances from the heirs of M. to himself.   Defendant derived title
  from the widow of M. to whom the recorder of land titles had con-
  firmed the premises.   The court instructed the jury, that if they
  believed M. possessed the premises in dispute prior to 20th Decem-
  ber, 1803, and that the deeds offered by plaintiff were made by the
  heirs of M. plaintiff must recover.   Held, that the instructions were
  erroneous, because they assumed that the deeds conveyed the lands
  described in the declaration, and that the same were village lots,
  common field lots or out lots, within the meaning of the act of Con-
  gress of 13th June, 1812, both of which should have been left with
  the jury.

APPEAL from the circuit court of St. Charles county.

*L. E. Lawless* and *H. S. Geyer*, counsel for appellant:
    The appellant, in support of his general propositions
as to the error of the court in refusing and giving the
above instructions, will contend:
    1. That the deeds to the appellee, referred to in the in-
structions given, are null and void; and on this point re-
fers the court to the "act regulating conveyances," Rev.
Stat. Miss. p. 118; Mo. Rep. vol. 1, p. 583; Perry v.
Price, 4 Comyn's Digest, (Day's American edition,) title
"Fait," pp. 270, 284, 285—title "Grants," p. 535; 4
Cruise's Digest, title "Deeds," pp. 225, 269; 7 Peter-
dorff's Com. Law, title "Deeds," pp. 671, 669; 7 John.
Rep. 97.
    2. That inasmuch as it appears from the evidence in
the case that the appellant is not tenant of the premises,
but that his wife, Mrs. N. Lawless, is tenant, and has the
possession in her own right; the action is wrongly
brought against him—see Tillinghast's Adams on Eject-
ment, p. 52, note 3, and to the authorities cited;
also, p. 55, and authorities cited; also, p. 300 and p. 306,
note.
    3. That the verdict and judgment are bad for uncer-

tainty, and refers the court to 2 Wash. Rep. p. 276; 1 Mun. p. 162; 6 Mun. p. 25; Tillinghast's Adams on Ejectment, p. 295, note 5.

4. That no title to said premises, or any part thereof, has been shown in J. B. Marle and his heirs and assigns; and on this point relies on, 1. The usages and customs of France and Spain in upper Louisiana. 2. The acts of Congress on the subject of lands in upper Louisiana and Missouri, from 1805 to 1816, and particularly to the acts of 13th June, 1812, and the *pre-emption* acts of Congress referred to in the deeds to Jonas Newman, referred to in the instructions given. 3. To the case of Vasseur v. Benton, 1 Mo. Rep.; and the case of Salle dit Lajoye v. Primm, 2 Mo. Rep. p. 529.

5. The appellant will contend that on the ground of surprise, and the matters set forth in the affidavit and reasons filed, a new trial ought to be had in this case—see Tillinghast's Adams on Ejectment as to New Trial, p. 294, note 2. The court is also referred to Wheeler's Abridgment of American Com. Law, vol. 7, p. 112, title "New Trial." As to estoppels, whether by record or specially, the court is referred to 1 Saunders on Pleading and Evidence, and the authorities cited therein, pp. 46 to 52. As to admissions by writings not under seal, the court is referred to 1 Saunders' Pleading and Evidence, pp. 52 to 55.

*J. Spalding* and *G. A. Bird,* counsel for appellee:

From the facts preserved upon the record, the defendant insists:

1. That the verdict of the jury was according to the law and the evidence.

2. That the court committed no error in instructing the jury or refusing to give them instructions.

3. That there is nothing contained in the affidavit of Lawless which would justify the court in granting a new trial. As to new trials, see

4. That the premises in dispute were confirmed by the act of Congress, of 13th June, 1812.

5. That the confirmation was to the legal representatives of Baptiste Marlé, who, according to the evidence, possessed the premises in dispute as owner long prior to 20th December, 1803, and continued such possession until his death, in 1805 or 6. Vasseur v. Benton, 1 Mo. Rep. 296; Strother v. Lucas, Sup. Ct. U. S.

6. The defendant insists that the proceedings of the recorder on the claim filed by the widow Marlé, were

unauthorized by law, and of course void—see acts of Congress for the adjustment of land claims; 2 Story's U. S. Laws, p. 967–8; same, 1060–1; same, 1260, 1306; 1 section of the act of 1813.

7. The proceedings before the recorder being *coram non judice*, and the heirs of Marle not being party thereto, cannot be used as evidence against the defendant here.   But the written notice of the widow Marle, filed before the recorder, and claiming the property in dispute as that of her husband, is an act *in pais*, which estops her and all claiming under her from saying that she was then the owner of the lot in question—see Salle v. Primm, 2 Mo. Rep. 529; Comyn's Digest, title "Estoppel," pp. 199 to 203, vol. 4.

8. The right of the heirs of Marle to the lot in question, is evidenced by the long possession of Baptiste Marle, who possessed and cultivated the same under the eyes of the Spanish commandant.

9. If it is a donation by the United States, then, as no title vested during marriage, it could not enter into community.

TOMPKINS, Judge, delivered the opinion of the court.

Newman sued Lawless in ejectment, and had judgment, to reverse which this appeal is prosecuted.

To show his right of action, the plaintiff in the circuit court, the appellee here, gave in evidence two deeds from the several heirs of Baptiste Marle, and proved the possession of the premises sued for to have been in the ancestor prior to the 20th December, 1803.

The defendant, appellant here, gave in evidence a confirmation by the recorder of land titles of a lot of ground in the south part of the city of St. Louis, 120 by 150 feet in superfices, which is proved to be the southeast quarter of square numbered 109, to Felicite Marle, widow of Baptiste Marle, aforesaid.   Several deeds were read in evidence by consent, showing conveyances of the same property, through several persons, from Felicete Marle to Thomas Biddle, his heirs, &c. to the use of Virginia Lawless, free and clear from all demands, &c. of her husband, the defendant in the circuit court and appellant here.

The circuit court, on motion of the plaintiff, instructed the jury as follows, viz: If they believed from the evidence that Baptiste Marle possessed the premises in dispute prior to the 20th day of December, 1803, claiming

the same as his property, and continued to possess and claim the same until his death, and that the deed given in evidence was made by persons who are heirs of said Baptiste Marle, that they must find for the plaintiff.

The defendant moved the court to instruct the jury that the plaintiff has not shown such a possession of the premises in question in the defendant as will enable the plaintiff to recover in this action. This instruction the court refused to give. The material words in the first deed of Marle's heirs to the plaintiff are as follows, viz: "Whereas we claim a piece or tract of land, as the heirs of Baptiste Marle and his wife, deceased, situate in the south part of St. Louis, by virtue of an actual settlement made on said land by our ancestors, according to the provisions of two acts of Congress, &c.; which land, so claimed by us, is claimed by virtue of a settlement made by our ancestors on or near blocks 109 and 78, as numbered on the map of the city of St. Louis, supposed to be on the southeast quarter of section No. 29, township No. 45, north, range 7, east. Now, know all whom it may concern, that we the undersigned, &c. do hereby, for and in consideration of the sum of one hundred dollars to us in hand paid by Jonas Newman, of, &c. give, grant, bargain, and sell, unto the said Jonas Newman, all our right, title, claim and interest which we have or can have by virtue of said acts of Congress and settlement, or by virtue of any claim whatsoever, without any recourse," &c.

The second deed, made by one only of the heirs and his wife, is as follows, viz: "We, &c. heirs of Jean Baptiste Marle and wife, deceased, do hereby, for and in consideration of the sum of thirty dollars, to us in hand paid by Jonas Newman, give, grant, &c. all the right, title, claim and interest which we have or can hold by virtue of a settlement made by our said ancestors on or near blocks 109 and 78, in the city of St. Louis, which land we claim by virtue of divers acts of Congress, and the settlement so made, as aforesaid," &c.

The premises are thus described in the declaration: "A certain lot, in the city of St. Louis, enclosed on all sides, on which is a brick house, out buildings and garden, bounded northwardly by a lot claimed by one Hortiz, south by unenclosed land, eastwardly by Fourth street in said city, and westwardly by Fifth street, being the same lot on which said defendant now resides, and the same that was occupied and possessed by Jean Baptiste Marle, deceased, previous to the 20th day of December, 1803."

The act of Congress, of 13th June, 1812, confirms to the inhabitants of St. Charles, St. Louis, &c. the rights, titles and claims to town or village lots, out-lots, common field lots and commons, which they had inhabited, cultivated, or possessed, *prior to the 20th day of December*, 1803. No confirmation, then, by the recorder of land titles of the same property to another person, although approved by a special act of Congress, can divest a title to a lot, acquired by virtue of that act of Congress. The misfortune of that species of title is, that the person claiming under it is compelled to prove it up in each new action; whereas, when a right to a particular specified lot is once ascertained by an act of Congress, or by a commissioner appointed by law, the owner has nothing more to do than to produce his patent, &c. The description of the land conveyed by these deeds to the plaintiff is very vague.

*In ejectment. Pltf. claimed under one M. and proved possession in M. prior to the 20th Dec. 1803, and gave in evidence conveyances from the heirs of M. to himself. Def. derived title from the widow of M. to whom the recorder of land titles had confirmed the premises. The court instructed the jury, that if they believed M. possessed the premises in dispute prior to the 20th Dec. 1803, and that the deeds offered by pltf. were made by the heirs of M. pltf. must recover. Held, that the instructions were erroneous, because they assumed that the deeds conveyed the lands described in the declaration, and that the same were village*

The circuit court instructed the jury, that if they believed from the evidence that Jean Baptiste Marle possessed the premises in dispute prior to 20th December, 1803, claiming the same as his property, and so continued to possess and claim the same until his death, and that the deeds of the plaintiff given in evidence in this cause were made by persons who are the heirs of said Jean Baptiste Marle, they must find for the plaintiff. The first deed above mentioned as given in evidence by the plaintiff is so very vague, that it is contended, with some appearance of correctness, that it conveys nothing. It is in these words: "*give, grant, bargain* and *sell* unto, &c. all our right, title, claim and interest which we have or can have by virtue of said acts of Congress and settlement." But admitting that the word "*said*" is to be understood to the word "*settlement*," and that it should read thus, "all our right, title, &c. which we have or can have by virtue of said acts of Congress and said settlement," yet still it is not apparent that the land conveyed by these deeds is the same as that described in the declaration. The description of the premises in the second deed is not more definite than that in the first; yet the instruction given by the circuit court assumes that the deeds convey lands by a description which necessarily includes the premises mentioned in the declaration. This fact, it seems to me, ought (as it is contended by Mr. Geyer for the defendant) to have been left to the jury to find. It was contended by the defendant that the plaintiff had not shown such a possession in him as will enable him to recover in this action. It is true that, by the deed of conveyance, it

JUNE TERM, 1838.

appears the legal estate was vested in Thomas Biddle, for the exclusive use of the wife of the defendant; the evidence, however, shows that the defendant lived on, and occupied, the premises with his wife. The statute permits the action to be prosecuted against the person in possession of the premises claimed; and also permits the person, from and through whom the defendant claims title to the premises, on motion, to be made co-defendant— see Digest of 1835, p. 234, title "Ejectment," sections 3 and 4.

It was also stated that the court assumed, in the instruction above mentioned as given at the instance of the plaintiff, that the premises in question did constitute, in 1803, a village lot, out lot, or common field lot. If the plaintiff claims under the act of 13th June, 1812, he must certainly prove that the land contended for was, in 1803, either a village lot, out lot, or common field lot. Being, then, of opinion, that the circuit court ought to have left the jury to find whether the premises described in the two deeds, given in evidence by the plaintiff, are the same with those described in the declaration, that court committed error in giving the instructions asked by the plaintiff, and its judgment out for that reason to be reversed. Such being the opinion of the rest of the court, it is reversed and remanded.